No. 2347.

Second Circuit.

---

CARLISLE v. LOUISIANA OIL REFINING CORPORATION.

---

(April 10, 1926. Opinion and Decree.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Automobiles—Par. 8.**

To recover damages caused to an automobile by its running into a truck operated without lights at night it is necessary for the plaintiff, owner of the damaged automobile, to prove that the accident was caused by the negligence of the operator of the truck, and that he, plaintiff, was not guilty of any negligence which created or aided in the accident.

Deikhman vs. M. L. & T. R. R. Co., 40 La. Ann. 787, 5 South. 76.
Bemiss vs. N. O., etc., R. R. Co., 47 La. Ann. 1675, 18 South. 642.
Clements vs. Louisiana Electric Light Co., 44 La. Ann. 695, 11 South. 51.
Peters vs. Pacific Guano Co., 42 La. Ann. 690, 7 South. 790.

White vs. Vicksburg, S. and P. R. R. Co., 42 La. Ann. 994, 8 South. 475.

2. **Louisiana Digest—Appeal—Par. 625.**

In an action for damages for personal injuries, where the evidence is conflicting, the conclusion of the trial judge on the question of fact is entitled to great weight, and will not be reversed unless manifestly erroneous.

Hillard vs. Manufacturing Co., 120 La. 364, 45 South. 278.

3. **Louisiana Digest—Automobiles—Par. 4, 4 (d).**

It is negligence to drive an automobile on a narrow one-way bridge at night in a cloud of dust at such a high rate of speed that the driver of the car cannot stop it within the radius of the lights on his automobile; and the greater negligence of another in driving a truck at the same time and place without lights in no way excuses the driver of the automobile from his own negligence.

Frierson vs. Shreveport Gro. Co., 3 La. App. —, advance sheets, No. 6, page 45.

(Civil Code, Art. 2315. Editors' Note.)

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo, Hon. J. H. Stephens, Judge.

Action by S. L. Carlisle against Louisiana Oil Refining Corporation for damages to an automobile in collision.

Judgment for defendant, and plaintiff appealed.

Judgment affirmed.

W. B. Hamilton, of Shreveport, attorney for plaintiff, appellant.

Wise, Randolph, Rendall and Freyer, of Shreveport, attorneys for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J. This is a suit by the plaintiff to recover damages done to an

automobile while being driven by his friend in a head-on collision with a truck driven without lights after dark. The collision occurred in a cloud of dust on a one-way bridge after dark.

Plaintiff claims that defendant's negligence in allowing its truck to be driven after dark without lights was the sole cause of the accident.

Defendant contends that plaintiff was guilty of contributory negligence and is therefore barred from the right to recover damages.

On these issues the case was tried, and there was judgment for defendant, and plaintiff appealed.

## OPINION.

The defendant in this case was undoubtedly guilty of gross negligence. The question to be decided is, does the gross negligence of defendant excuse plaintiff's contributory negligence.

Plaintiff's evidence as to how the accident occurred is found in the testimony of H. B. Rogers, pages 3, 4, 5, 10.

"Q. State how it occurred, how this accident occurred?
"A. Well, there was a car passed right ahead of me, went around me and stirred up a great lot of dust there, and so I went on the bridge, and I got in about fifteen feet of this truck before I saw it, so when I saw it I put my brakes on, but we didn't stop before we hit."

*   *   *   *

"Q. I will ask you what, if anything, prevented your lights from showing the presence of the truck any sooner than they did?
"A. Well, it was the dust and the truck was coming from around the curve, too."

*   *   *   *

"Q. Was it going pretty fast when it hit you or had it slowed down?
"A. He had slowed down; wasn't going fast when we hit."

Both occupants of the truck testified that the truck had stopped and was standing still at the time of the accident.

"Q. When you got onto the bridge the dust from this car was still very dense?
"A. Yes, sir.
"Q. So dense that the rays from your headlight wouldn't penetrate it?
"A. Oh, yes, it would to a certain extent, yes, sir.
"Q. How far?
"A. Well, I don't know exactly; I couldn't hardly say.
"Q. Approximately how far?
"A. I think maybe twenty or twenty-five feet, something like that."

*   *   *   *

"Q. Driving at the rate of fifteen miles an hour, how far would it take you to stop the car in an emergency, that car on that road?
"A. Well, it would take about fifteen feet to stop it.
"Q. You could have stopped that car in an emergency in about fifteen feet?
"A. Yes, sir, something like that."

*   *   *   *

From this testimony of the driver of plaintiff's automobile it appears that he could have seen defendant's truck without lights on it fifteen or twenty feet away and could have stopped his car in about fifteen feet. Had he done so the accident would not have happened, for he could have stopped his car before it reached the truck. Under this condition we are not prepared to say that the driver of plaintiff's car was not guilty of contributory negligence when he not only failed to stop his car before running into the truck, but struck the truck with such force as to cause damages to the car, according to plaintiff's petition, in the sum of $521.44.

The question as to whether or not the driver of plaintiff's car contributed by his negligence to the accident is one of fact to be determined by the evidence in the case. In this case, the judge who saw and heard the witnesses testify decided the issue of fact in favor of the defendant. Under all

the evidence in the case, we think his finding of fact is entirely correct, and it is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed.